**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| LUCY BLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-3033 |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff LUCY BLOOD ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, GC SERVICES LIMITED PARTNERSHIP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Nebraska thereby establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Beatrice, Gage County, Nebraska.

1

6. Plaintiff is obligated, or allegedly obligated, to pay a debt as "debt" is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a business entity with an office located at 6330 Gulfton, Houston, Texas 77081.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant was assigned an account to collect monies from Plaintiff where were alleged to be past due ("debt").

13. Upon information and belief, the alleged debt was on a credit card with Chase bank.

14. The alleged debt arises from transactions that were for personal, family and/or household purposes.

15. In its collection attempts, Defendant places telephone calls ("collection calls") to the individuals it is attempting to collect from.

16. In or around September of 2013, Defendant stated placing collection calls to Plaintiff for the aforementioned debt.

2

17. Defendant called Plaintiff at her home, (402) 228-38xx, and at her place of employment, (402) 441-80xx.

18. Plaintiff has an answering machine at her home that allows callers to leave a message for her when a call is not answered.

19. On or about October 11, 2013, Defendant placed a collection call to Plaintiff that was not answered.

20. Accordingly, Defendant left a message for Plaintiff on her answering machine.  *See* transcribed voice message, attached hereto as Exhibit A.

21. Defendant's employee, a female, identified herself by her personal name, or an alias, and instructed Plaintiff to return the call to (866) 391-0768.  *See* Exhibit A.

22. Defendant has been assigned telephone number (866) 391-0768 from its telephone provider to receive and/or place telephone calls.

23. However, Defendant failed to identify its business or company name in the aforementioned message.  *See* Exhibit A.

24. Defendant also failed to inform Plaintiff that it is a debt collector in the message.  *See* Exhibit A.

25. Defendant failed to provide Plaintiff with any information in its message to inform Plaintiff that the nature and purpose of its call was about the debt or debt collection.  *See* Exhibit A.

26. Defendant uses deceptive and misleading in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is harassing and annoying.

    b.  Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

    c.  Defendant violated § 1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt.

    d.  Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiff, LUCY BLOOD, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

28. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

30. Any other relief that this Honorable Court deems appropriate.

4

RESPECTFULLY SUBMITTED,


By: /s/ Ryan S. Lee
      Ryan S. Lee
      CA # 235879
      Attorneys for Plaintiff
      Krohn & Moss, Ltd.
      10474 Santa Monica Blvd., Suite 405
      Los Angeles, California 90025
      Tel: 323-988-2400 x 241
      Fax: (866) 861-1390
      rlee@consumerlawcenter.com